IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF RICHMOND VIRGINIA

FILED
NOV 1 2 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| Mario Nathaniel Baker, | ) | |
| Petitioner, | ) | Case No. 3:08CR-00088 |
| | ) | 08-4941 |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

PETITIONER'S REPLY BRIEF TO GOVERNMENT'S
RESPONSE TO §2255 MOTION

Petitioner **Mario Baker**, responds herein to the Government's response to the Court's Order to show cause.

Petitioner respectfully submits that this Court should reject the arguments of the Government, that Petitioner trial counsel did provide effective assistance.

The Government only responded to (Argument A) of petitioner's Memorandum. Petitioner submits the following:

A. <u>Ineffective Assistance</u>-Failure to file a pre-trial motion to suppress evidence.

1.

**ARGUMENT**

In the Government's first argument, the Government is stating that petitioner's trial counsel was not deficient, when he failed to file a motion to suppress the evidence that was seized during the March 3, 2008 incident.

The Government is claiming that petitioner failed the meet the performance prong of Stricklan. The Government states that petitioner relied on the new intervening law at the time to say that his trial counsel was deficient. Arizona Vs. Gant U.S. 129 S. Ct. 1710 (2009).

Petitioner understands that his trial counsel is not responsible for hindsight. Petitioner did not bring up Arizona Vs. Gant until his appeal process. The new law was passed while petitioner was on his direct appeal. (See: Memorandum Arguments C and D ). It would have been frivolous if petitioner would have argued his trial counsel deficiencies in that manner. Petitioner has shown that his trial counsel was deficient for not filing a motion to suppress by citing. Kimmelman Vs. Morrison, 477 U.S. 365, 91 L. Ed. 2d 305 and Chimel Vs. California, 395 U.S. 752, 23 L. Ed. 2d. 685 to support his argument of ineffectiveness of counsel. (See: Memorandum Argument A).

In argument(2) of the Government's response, the Government

states Petitioner failed to satisfy the prejudice prong of <u>Strickland.</u> The Government is once again using <u>Arizona Vs. Gant</u> to undermine Petitioner's argument.

If Petitioner's trial counsel would have thoroughly investigated the **March 3, 2008** incident, he would have found that the search of the vehicle was a violation of Petitioner's <u>Fourth Amendment Rights.</u>

<u>U.S. Vs. Earle,</u> U.S. Dist. Lexis 28540 (4th Circuit) 2005. Officer said defendant looked wide-eyed and nervous; however, Earle did not exhibit any evasive behavior gestures nor attempt to flee. Thus the officers did not have reasonable suspicion sufficient to justify an investigatory stop and the subsequent protective search.

On the **March 3, 2008** incident, the arresting officer said that the passenger (Brown) appeared nervous. The officers showed inconsistencies in their testimonies at trial about who was nervous.(J.A. pg. 204 In 1-22), See: Exhibit (1) one.

As you can see in <u>U.S. Vs. Earle,</u> this wasn't enough to justify a pat down of the passenger (Brown). He showed no evasive behavior nor did he attempted to flee, so this shows that the search of the passenger was an illegal search and seizure.

<u>U.S. vs. General</u>,435 F. Supp. 2d. 502 (4th. Circuit) 2006. The Court holds that General was not seized when officers asked him to step out of the vehicle. Alternatively, he could have

3.

exited the vehicle and walked away from the encounter. See: also <u>Florida Vs. Royer</u>, U.S. 491, 497-498, 103 S. Ct. 1319 (1983).

Petitioner gave the arresting officer his license and the passenger (Brown) gave the same officer his identification after traffic stop. Petitioner was wanted for an Outstanding warrant, but the passenger (Brown) had no warrants and his identity was verified. Petitioner was arrested and nothing was on his person. (See: Memorandum Argument A). The officer asked the passenger (Brown) stepped out of the car and attempted to walk away. The officer seized him against his will and he wasn't under arrest. The officer testified to this at Petitioner's trial that he seized the passenger (Brown) while he was walking away. (J.A. pg. 85 in 8-18), See: Exhibit (2) two.

According to <u>U.S. Vs. General</u>, the detainment of the passenger (Brown) was a violation of his Fourth Amendment, because Brown attempted to walk away, but he was unlawfully seized against his will.

<u>U.S. Vs. Burton</u>, 228 F. 3d. 524; 2000 U.S. App. Lexis 23839 (4th. Circuit). A handgun was discovered when a police officer reached inside criminal defendant's coat during a "police citizen encouter." The Court concluded that the act of reaching inside the defendant's coat was an unlawful search, because defendant's refusal to cooperate, without more, did not furnish the minimal level of objective justification needed for detention or seizure.

4.

The passenger (Brown) did not want to cooperate with the officer, so he started to walk away. When the officer held him against his will, he found a gun and drugs. Once again you can see that Brown's Fourth Amendment was violated according to <u>U.S. Vs. Burton</u>, Furthermore, the arresting officer violated Petitioner's Fourth Amendment rights by searching the vehicle without a warrant incident to arrest.

The Government is stating that passenger (Brown) action is the reason they searched the vehicle without a warrant incident to arrest. Petitioner has proven that the passenger (Brown) arrest was unconstitutional and that the search of the vehicle was unconstitutional according to <u>Chimel Vs. California.</u> (See: Memorandum Argument A).

The Government claims that Petitioner's motion to suppress would have been denied even if Petitioner's trail counsel would gave filed a motion.

The Government is not Petitioner's trial counsel or the presiding judge in the case, so therefore, the Government has no right to say that Petitioner's motion to suppress would have been denied. If Petitioner's trial counsel doesn't make an argument about failing to file a motion to suppress, how can the Government step in and make an argument for Petitioner's trial counsel ineffectiveness.

<u>U.S. Vs. Betemit,</u> 899 F. Supp. 255; 1995 U.S. Dist. Lexis 15379. Defendant filed a motion to suppress the admission into evidence of two weapons and approximately $20.000 seized from

5.

a car he was driving, which was searched following an investigatory stop by university security officers.

The Honorable Judge **Robert E. Payne** was the one that granted **Betemit's** motion to suppress. This is the same judge that presided in Petitioner's trial.

The Government can never say that Petitioner's motion to suppress would not have been granted, when there's factual evidence that the presiding judge in Petitioner's trial will grant a motion to suppress evidence that was illegally obtained.

To fully understand how Petitioner was prejudiced by his trial counsel not filing a motion to suppress count(s) 2,4, and 6, **See: Memorandum Argument A.** Petitioner explained this clearly.

**U.S. Vs. Elliott,** 83 F. Supp. 2d 637; 199 U.S. Dist. Lexis 20337. Defendant in a criminal case filed a motion to dismiss the indictment or, alternatively to suppress evidence that the defendant's fingerprints were found on certain physical evidence that was destroyed by the **Drug Enforcement Administration (DEA)**. Testimony regarding the presence of defendant's fingerprints on physical evidence in a drug possession case was suppressed where the evidence was destroyed without allowing defendant an opportunity to have it tested.

Once again, the Honourable **Robert E. Payne** granted this motion. At the end of the Government's response for Argument(2), the Government is arguing that trial counsel was not ineffective according to the two prong test of **Strickland.**

6.

U.S. Vs. Elliott is proof that a motion to suppress would have filed a motion to suppress counts (1) and (4), because Petioner's fingerprints did not match the weapons in both counts. A DNA expert testified that Petitioner was excluded as a contributer.

Petitioner has argued how his trial counsel was ineffective under Strickland on this issue also. (See: Memorandum Argument A).

Also Petitioner has presented his arguments of ineffective assistance of counsel on other issues. (See Memorandum Argument B and C).

Petitioner has stated that he should be granted relief under the new law Arizona Vs. Gant. See: Memorandum Argument D).

Griffith Vs. Kentucky, 479 U.S. 314, 93 L. Ed. 2d 649 (1986). The court held that all cases pending on direct review or not yet final are to be held retroactive even if the new law is not retroactive.

Petitioner was on his direct review when Arizona Vs. Gant was decided. He explained this in (Argument C) of his Memorandum. U.S. Vs. Gonzalez, 578 F. 3d. 1130, 85 CrL 649 (9th Cir.) 2009. The Ninth Circuit decided that applying the good faith exception to officers' reliance on caselaw would conflict with the Supreme Court precendent that requires the high court's Fourth Amendment rulings to be retroactively applied to all cases on direct review. U.S. Vs. Debruhl, 993 A. 2d. 571; 2010 D.C. App. Lexis 208. The warrantless search of the passenger compartment of defendant's

7.

vehicle violated U.S. Constitution Fourth Amendment, because the occupants had been removed and secured in handcuffs and, thus, no longer remained a threat to police safety or to preservation of evidence. U.S. Supreme Court decision applied retroactively and the good faith exception did not apply.

**Debruhl**, was arrested for a traffic violation. After he was removed from his car and handcuffed, the arresting officers conducted a warrantless search of the passenger compartment of his vehicle. Before defendant's trial, the U.S. Supreme Court decided **Arizona Vs. Gant,** 129 S. Ct. 1710 (2009), which precluded warrantless searches of an automobile after the occupants had been removed and secured with handcuffs, and thus no longer remained a threat to police safety or to preservation of evidence. Gant's revised interpretation of the Fourth Amendment applied retroactively.

The good faith exception to the exclusionary rule did not apply. Prior to **Gant,** the law was not settle regarding warrantless searches incident to a lawful arrest, where the occupants had been removed and secured. Even if prior case law may have been widely understood to allow warrantless searches of vehicle passenger compartments without limitation incident to arrest, momentum against such a sweeping interpretation on facts such as those in the instant case had been accelerating in the court for years before defendants arrest. See: **New York Vs. Belton** 453 U.S. 454 (1981).

**U.S. Vs. Gonzalez** and **U.S. Vs. Debruhl** show that petitioner is eligible for relief in light of **Arizona Vs. Gant,** Petitioner argued more of this issue in his memorandum. **(See Memomrandum Argument D).**

The Government used **Thornton Vs. U.S.** 541 U.S. 615, 621-24 (2005) and **New York Vs. Belton,** 453 U.S. 454 (1981) to dispute Petitioner's Fourth Amendment claim.

The court affirmed **Thornton** conviction citing **New York Vs. Belton.** Thornton doesn't apply in Petitioner's situation, because Thornton was the driver of the vehicle, and had contraband on his person, so that automatically gives the officer the right to search the car. There is plenty of case-law to confirm this.

Belton shouldn't apply also to Petitioner's situation, because the entire scene was secured and Petitioner and the passenger (Brown) was no threat to the four officers at the scene.

Petitioner has argued the Belton rule also in (Argument D) of his memorandum.

## CONCLUSION

For the foregoing reasons, this Honorable Court should grant the Petitioner relief as requested and set-aside, vacate and /or correct his conviction. In the alternative, this Court may grant him an evidentiary hearing to futher develop and establish the fact and arguments for review.

Respectfully Submitted,

*Mario Baker*

Mario N. Baker #34194-183
F.C.I. Gilmer
P.O. BOX 6000
Glenville, WV 26351