

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                           Criminal No. 3:08cr88

MARIO N. BAKER

## MEMORANDUM OPINION

Mario N. Baker, a federal inmate proceeding <u>pro</u> <u>se</u>, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 82.) In his § 2255 Motion, Baker makes the following claims for relief:

| | |
|---|---|
| Claim One | Trial counsel was ineffective for not filing a pre-trial motion to suppress evidence. |
| Claim Two | Trial counsel was ineffective for not preserving Baker's constitutional rights on appeal. |
| Claim Three | Appellate counsel was ineffective for not properly arguing <u>Arizona v. Gant</u>.[1] |
| Claim Four | Baker is entitled to relief under <u>Arizona v. Gant</u>. |

---

[1] In <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009), the Supreme Court held that "police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." <u>Id.</u> at 1723.

The Government filed a response. (Docket No. 85.) Baker has replied (Docket No. 86) and moved for summary judgment (Docket No. 88). The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On March 3, 2008, Officer Shawn Nelson stopped a vehicle with a broken tail light. Baker was the driver of the vehicle and Dashawn Brown was Baker's passenger. During the stop, Officer Nelson discovered that an outstanding warrant existed for Baker's arrest. Officer Nelson handcuffed Baker, escorted him to the back of Officer Nelson's vehicle, and placed Baker in the custody of another law enforcement officer. Officers then searched Baker's person but did not find any contraband.

Officer Nelson next asked Brown to exit Baker's vehicle and Brown complied. Officer Nelson told Brown that he "was going to frisk [Brown] for weapons." (Trial Tr., June 9-10, 2008, 70:12-13.) "At that point [Brown] attempted to, best described, walk away from [Officer Nelson]." (Id. 70:14-15.)[2] Officer Nelson, fearing that Brown had a weapon, tackled Brown and restrained him. A search of Brown's person revealed "a loaded .38 caliber revolver in his right front pants' [sic] pocket; .90 gram[s] of heroin and .40 gram[s] of cocaine base in his right front pants

---

[2] Baker contends that Brown merely "turned around to get his phone." (Mem. Supp. § 2255 Mot. 2.)

watch pocket; and $980 in United States currency and a small digital scale in his left front pants pocket." (Br. Opp'n § 2255 Mot. 6-7; Mem. Supp. § 2255 Mot. 2.)[3]

Law enforcement officers then searched Baker's vehicle, finding "a loaded .32 caliber revolver in the glove compartment, 20.72 grams of heroin[,] .24 gram[s] of cocaine base, 12.2 grams of methadone, and a burnt marijuana cigarette in the center console of the vehicle." (Br. Opp'n § 2255 Mot. 7; Mem. Supp. § 2255 Mot. 2.)

As a result of the March 3, 2008 incident, a grand jury, by superseding indictment, charged Baker with possession with intent to distribute heroin, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.[4] (Superseding Indictment (Docket No. 17) ¶¶ 2, 4, 6.) Baker did not file a pre-trial suppression motion. On June 10, 2008, a jury found Baker guilty on all counts of the Superseding Indictment. The Court sentenced Baker to 185 months of imprisonment.

---

[3] The parties do not dispute what items were found in Baker's vehicle and on Brown's person. Rather, they dispute only the constitutionality of the search.

[4] The Superseding Indictment charged Baker with a second count of possession of a firearm by a convicted felon stemming from a May 19, 2007 incident. (Superseding Indictment ¶ 1.) The facts of that event are not material to the § 2255 Motion.

## II.  ANALYSIS

### A.  Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"  Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).  The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  Id. at 697.

### 1.  Ineffective Assistance Prior to Trial

In Claims One and Two, Baker faults counsel for failing to move to suppress the items seized from his vehicle, thereby

4

preserving a challenge to the constitutionality of the search for appeal. (Mem. Supp. § 2255 Mot. 6.) Baker admits that "his trial counsel is not responsible for hindsight." (Pet'r's Reply Br. 2.) However, Baker insists that, had counsel made a suppression motion, success on appeal would have been likely. (Id.) Baker misapprehends the law regarding both his attorney's decision as to a motion to suppress, infra Part II.A.2, and as to failing to anticipate Gant. Moreover, trial counsel was not constitutionally deficient for failing to anticipate the Supreme Court's decision in Gant. United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (citing Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)).

Had Baker's counsel made a pre-trial motion to suppress, it would have been denied under the then-binding circuit law. See United States v. Bush, 404 F.3d 263, 275-76 (4th Cir. 2005).[5]

---

[5] In Bush, the United States Court of Appeals for the Fourth Circuit upheld the search of a vehicle incident to arrest stating:

> In Belton, the [Supreme] Court held that, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." [New York v. ]Belton, 453 U.S. [454,] 460 [(1981)]. Belton did not purport to answer whether such a rule applied in cases where a recent occupant of a car was arrested in the immediate vicinity of the vehicle. This past term, the Supreme Court decided, in Thornton[ v. United States], [541 U.S. 615, 622-23 (2004)], that

Trial counsel, "mindful of the controlling circuit law at the time," reasonably eschewed objecting to the admissibility of evidence resulting from the March 3, 2008 vehicle stop. McNamara, 74 F.3d at 517. Thus, Baker cannot show that counsel acted deficiently by failing to make a suppression motion. Accordingly, Claims One and Two will be dismissed.

### 2. Ineffective Assistance on Appeal

In Claim Three, Baker argues that appellate counsel deficiently failed to argue the unconstitutionality of the search of Baker's car under Arizona v. Gant on direct appeal. (§ 2255 Mot. 8.) Because the evidence found as a result of the search of Baker's vehicle still would be admissible under the good faith exception to the Fourth Amendment's[6] exclusionary rule,[7] Baker fails to show that counsel's failure to argue Gant

---

Belton permits search of vehicles incident to arrests made outside of the vehicle as long as the arrested individual was a recent occupant of the vehicle.

Bush, 404 F.3d at 275 (parallel citations omitted). Here, Baker admits to occupying his vehicle immediately prior to its search incident to Baker's arrest. (Mem. Supp. § 2255 Mot. 2.)

[6] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[7] "To supplement the bare text [of the Fourth Amendment], this Court created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." Davis v. United States, 131 S. Ct. 2419, 2423 (2011).

6

on appeal prejudiced him.    See United States v. Robinson, No. 10-4167, 2011 WL 6009839, at *4 (4th Cir. Dec. 2, 2011).

The good faith exception to the exclusionary rule applies "when an officer's search incident to arrest of an automobile complied with the prevailing judicial precedent at the time, but was subsequently deemed unconstitutional by [a new Supreme Court decision such as] Gant."    Id. (citing Davis v. United States, 131 S. Ct. 2419, 2423-24 (2011)).[8]   "[P]rior to Gant, [Fourth Circuit] precedent allowed officers to conduct a search incident to arrest of the passenger compartments of an automobile even though its recent occupant was detained in the patrol car at the time."   Id. (citing United States v. Wilks, 647 F.3d 520, 522 (4th Cir. 2011)).   Thus, the evidence obtained from the search of Baker's vehicle falls into the good faith exception to the exclusionary rule and would have been admissible even after Gant.   Davis, 131 S. Ct. at 2429-30.   Baker, therefore, fails to show prejudice resulting from counsel's failure to argue Gant on appeal.   Accordingly, Claim Three will be dismissed.

---

[8] Baker is similarly situated to the Davis petitioner in that the search challenged in Davis occurred prior to the Supreme Court's decision in Gant and the Supreme Court decided Gant during the pendency of the Davis petitioner's direct appeal.   Davis, 131 S. Ct. at 2125-26.

## B.   Retroactive Application of _Arizona v. Gant_

In Claim Four, Baker asserts entitlement to relief under _Gant_. (§ 2255 Mot. 9; Mem. Supp. § 2255 Mot. 13-15.) As stated above, even if this Court were to apply _Gant_ to Baker's case, he would still not be entitled to relief.[9] _Supra_ Part II.A.2. Accordingly, Claim Four will be dismissed.

## III.  CONCLUSION

Baker's claims will be dismissed with prejudice. Baker's § 2255 Motion (Docket No. 82) will be denied, Baker's Motion for Summary Judgment (Docket No. 88) will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[9] The Court also notes that, where a prisoner has had a "full and fair" opportunity to litigate his Fourth Amendment claim in the trial court and on direct review, habeas corpus relief may not be granted on that Fourth Amendment claim. _Stone v. Powell_, 428 U.S. 465, 494 (1976). Here, Baker had the option of raising a Fourth Amendment claim at trial and on direct appeal and chose, thorough counsel, not to do so. Therefore, he is not entitled to relief on Fourth Amendment grounds in these collateral proceedings.

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Baker has not satisfied this standard.  Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Baker and counsel of record.

_____ /s/   REP
Robert E. Payne
Senior United States District Judge

Date: February 23, 2012
Richmond, Virginia

9