UNITED STATES COURT OF APPEALS

FOR THE FOURT CIRCUIT



Mario Baker

   Petitioner/Appellant

vs.                                       Case No:3:08-CR-0008
                                                    3:10-CV-00579

United States Of America

   Respondent/Appellee

## Notice Of Appeal

Now comes the Appellant,Mario Baker,pro se,and respectfully requesting the court to forward this Notice Of Appeal and all other documents invoving his §2255 motion to the Fourth Circuit Court Of Appeals for futher review.

Appellant also would like to respond to the District Court's Memorandum Opinion.

On August 17,2010,Appellant filed a Petition for collateral relief, as authorized by section 2255 of Title of the United States Code. In that Petition, Appellant argued that his trial and detainment are unconstitutional.

Appellant makes the following claims for relief:

Claim One: Trial counsel was ineffective for not filing a pre-
              trial motion to surppress evidence.

Claim Two: Trial counsel was ineffective for not preserving
              Appellant's constitutional rights on appeal.

1.

Claim Three: Appellant counsel was ineffective for not supplementing an intervening law, **Arizona v. Gant**, U.S. 129 S. Ct.1710 (2009),

Claim Four: Appellant should be granted relief under new intervening law at the time, **Arizona v. Gant**.

### Argument

1. Ineffective Assistance -failure to file a pre-trial motion to surppress evidence.

For some apparent reason the District Court is taking on the perception that Appellant has argued that his trial counsel was ineffective for not anticipating a intervening law, **Arizona v. Gant**, U.S. 129 S. Ct. 1710 (2009).

Appellant would like to explain this misunderstanding and he has added the argument from his original §2255 to this appeal. (See Exhibits 1-6).

Most importantly, if there's no strategic reason for not filing a pre-trial motion to suppress, counsel cannot be effective because Appellant went to trial. Also if you look at (exhibit 3), when a counsel fails to file a motion to supress it's a violation of standard 4-3.6, Prompt Action to Protect the Accused.

As you can clearly see in (exhibits 1-6), Appellant argued ineffective assistance using **Kimmelman v. Morrison**, 477 U.S.365, 911 Ed. 2d 305. In **Kimmelman**, his counsel never filed a motion to supress and he tried to get evidence suppressed during trial, and he was denied because it wasn't a timely motion.

2.

Appellant counsel waited until all the evidence was put forth in the trial and then tried to get the evidence suppressed ( See Exhibits 8-11).

This is why Appellant's counsel was ineffective because he waited until the day of trial (June 9, 2008) to tell his client that his fingerprints weren't on the weapon, in count (4) of the Superceding Indictment. <u>Kimmelman's</u> counsel showed the same ineffectivness. (See Exhibit 2)

There's no such argument that Appellant argued that his trial counsel was ineffective for not anticipating an intervening change of law, <u>Arizona v. Gant</u>. In fact, <u>Arizona v. Gant</u>, U.S. 129 S. Ct. 1710 (2009) is not mentioned nowhere in Appellant's first argument.

Appellant has proven that his trial counsel was ineffective and showed a strong argument that should satisfy the two prong test in <u>Strickland v. Washington</u>, 466 U.S. 688, 80 L. Ed 2d. 674. (See Exhibits 1-6).

**2. Ineffective Assistance-** Failure to preserve Petitioner's constitutional rights on appeal.

Appellant once again uses <u>Kimmelman v. Morrison</u>, 477 U.S.365 911 Ed. 2d 305 to support claim two (See Exhibits 6-7).

In <u>Kimmelman</u>, the Supreme Court was presented with a defendant who claimed ineffective assistance, because his counsel failed to litigate a Fourth Amendment claim, resulting in that claims default. There the court said: Where defense counsel's failure to litigate a ... claim compentently is the principal allegation of ineffectiveness.

To get a better understanding and proof that the two prong test of <u>Strickland v. Washington</u> is Satisfied (See Exhibits 6-7).

3.

3. Ineffective Assistance- Appelate counsel failed to supplement and raise intervening law, Arizona v. Gant.

The Supreme Court held that all cases pending on direct review or not yet final are to be held retroactive, even if the new law is not retroactive. Griffith v. Kentucky, 479 U.S. 314, 93 L Ed 2d 649 (1986).

In Arizona v. Gant, F29 S. Ct. 1710 (2009), the Supreme Court held that police may search a vehicle incident to a recent arrest only if the arrestee is within reacding distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.

When Gant was decided, Appellant was on his direct appeal and he told his lawyer to supplement his direct appeal, and add this argument. His counsel told him that he was going to supplement Gant, but he never did so. (See Exhibit 12).

Eventhough Gant isnot retroactive, Appellant qualifies for whatever relief Gant had to offer because he was on his direct appeal. Griffith v. Kentucky, 479 U.S. 314 93 L Ed 2d 649 (1986)

In claim three, they're saying that appelate counsel is not ineffective because the evidence found in the car as a result would have been admissible under the good faith exception to the Fourth Amendment's exclusionary rule.

Appellant wants to show this Court that this is not true. Arizona v. Gant, was decided on April 21,2009, and the Fourth Circuit was honoring this new case law and following the exclusionary rule and rejecting the reading of New York v. Belton, 453 U.S. 454 101 S. Ct. 2860 69 L. Ed 2d 768.

These are two cases that were vacated and remanded by the Fourth Circuit Court Of Appeals in light of **Arizona v. Gant**, **United States v. Megginson**, 340 Fed. Appx. 856; 2009 U.S. App. Lexis 19296 (See attached copy of **United States v. Megginson**) and **United States v. Majette**, 326 Fed. Appx. 211; 2009 U.S. App. Lexis 9267 (See attached unplished opinion of **United States v. Majette**, **Megginson** was decided July 29, 2009, three months after **Gant** was decided. Majette was decided April 30, 2009, nine days after **Gant** was decided.

Appellants direct appeal brief was filed March 16, 2009 and his judgment was affirmed August 7, 2009. His appelate counsel had ample enough time to supplement his client's motion in light of **Gant**. Appellant is arguing that he never had the opportunity for the Fourth Circuit Court Of Appeals to review his opinion of a 4th Amendment Violation in light of **Gant**. The same year he was denied (2009), **Megginson** and **Majette** benefitted from **Gant**.

Most importantly, two of the Circuit Judges (Motz and Gregory) that affirmed his judgement, were two of the six judges that vacated and remanded **Majette's** and **Megginson** decision. (See exhibit B).

Also **Majette** was decided April 30, 2009, appellant counsel had case law to help support a supplemental brief if he would have added one to his client's direct appeal.

You can clearly see that appelate counsel did not have his client's best interest at heart. Appellant was definetly in the hands of an appelate counsel that was ineffective.

5.

In the Memorandum opinion of the Court, they're using **United States v. Davis**, 131 S. Ct. 2419, 2723 (2011) to say that his appelate counsel was not ineffective.

In **Davis**, the good faith exception to the exclusionary rule applies, when an officer's search incident to arrest of an automobile complied with the prevailing judicial precendent at the time, but was subsequently deemed unconstitutional by a new Supreme Court decision.

**Davis** was decided more than two years after appellant direct appeal judgement was affirmed. **Davis** Doesnt apply to him in this aspect or any other aspect that will be explain later in claims four argument. Also **Davis** wasn't an issue when the Fourth Circuit Court Of Appealss decided **Megginson** and **Majette** in 2009.

If you read (exhibits 12-14) you'll see that Appellant has satisfied the two prong test in **Strickland v. Washington**, 466 U.S. 688, 80 L.Ed 2d. 674.

4. Appellant should be granted relief in light of **Arizona v. Gant**, 129 S. Ct. 1710 (2009) in which was an intervening change of law at that time.

In the Memorandum Opinion, the Court is stating that **New York v. Belton** is the precedent law that the officer was following when he searched Appellant vehicle incident to arrest.

In **New York v. Belton**, 453 U.S. 454 101 S. Ct. 2860 69 L Ed 2d 768, the Supreme Court held that, when a policeman has made a law ful custodial arrest of the occupant of a vehicle, he may, as a contemporaneous incident to arrest,search the passenger compartment of the vehicle.

6.

**Arizona v. Gant** is only a clarification of **Belton**. **Belton** is still a law that very much applies.

The Arizona Supreme Court considered an automobile search conducted after the vehicle's occupant had been arrested, hand cuffed and locked in a patrol car. The court distinguished **Belton** as a case in which four unsecured arrestess presented an immediate risk of loss of evidence and an obvious threat to a lone officer' safety. Also, the officer smelled marijuana in the vehicle.

The Arizona Supreme Court said that the Belton rule does not apply in **Gant**. (See Exhibit 15).

The Supreme Court also acknowledges that the Belton rule was not present in the **Gant** case. In fact they went so far as to say, it is hard to imagine two cases that are factually more distinct, because **Belton** involved one officer confonted by four unsecured arrestees suspected of committing a drug offense and this case involves several officers confronted with a securely detained srrestee apprehended for driving on a suspended license. This case is also distinguishable from **Thornton**, in which the petitioner was arrested for a drug offense. (See Exhibit 16).

Appellant's situation is similar to Gant's. **Gant** was arrested for driving on a suspended license and Appellant was arrested for

Outstanding Warrant. The Outstanding Warrant did not specify specifics, it just said Outstanding Warrant and the arresting officer testified to this. (See Exhibit 17)

7.

The arresting officer was on the scene with three other officers. He waited until other police officers to arrive before he placed Appellant under arrest for an Outstanding Warrant.

He then approached Dashawn Brown (passenger) and asked him to get out of the vehicle. Brown got out of the car and attemped to walk away, which he has a right to do. **United states v. General** 435 F. Supp. 2d 502 (4th Cir) 2006. (The Court holds that General was notseized when officers asked him to step out of the vehicle. Altenatively, he could have exited the vehicle and walked away from the encounter). (See exhibit 18).

As you can see in (Exhibit 18), Dashawn Brown attempted to walk away, but was held against his will. Brown was illegally detained according to **General**.

Dashawn Brown had given the arresting officer his identification card (See Exhibit 17) when he was sitting in the passenger seat, and it was known that he did not have a warrant because the officer testified to this.

Brown had the right to refuse to cooperate with the arresting officer. **United States v. Burton**, 228 F. 3d. 524, 2000 U.S. App. Lexis 23839 (4th Cir).(The court concluded that the act of reaching inside the defendant's coat was an unlawful search, because defendant's refusal to cooperate, without more, did not furnish the minimal level of objective justification needed for detention or seizure.)

8.

You can see that the government acknowledges that the officer tackled brown and restrained him against his will. (See Exhibit 19)

This is very clear that Brown's 4th Amendment rights were violated.

Brown was not resisting arrest because he wasn't under arrest, he was simply walking away from the encounter.

After the officers put them both in seperate police cars with handcuffs on them. The vehicle was searched, a weapon and drugs were found on the warrantless search.

Police held allowed, under the Fourth Amendment, to search motor vehicle incident to recent occupant's arrest only if (1) arrestee was within reaching distance of passenger compartment at time of search, or (2) it was reasonable to believe that vehicle contained evidence of offense of arrest. **Arizona v. Gant**, 129 S. Ct. 1710 (2009).

Appellate was arrested for an Outstanding Warrant so the officer cannot say that it was reason to believe that the vehicle contained evidence of an Outstanding Warrant. Dashawn Brown never should have been arrested and held against his will.

They definetly weren't in reaching distance of the passenger compartment because they were secured in two different patrol cars with four officers on the scene and the entire scene was secured.

As the Supreme Court has stated in **Gant**, when a situation like this occurs, the search incident to arrest is unconstitutional without a warrant. And most importantly the **Belton** rule doesn't apply. (See attached copy of **Arizona v. Gant**, 129 S. Ct. 1710 (2009).

In the Memorandum Opinion, they're saying that the good faith

9.

law applies in appellant situation. **United States v. Davis**, 131 S Ct. 2419, 2423 (2011). This is not true for several reasons: The first, **Davis** was decided well over two years after **Gant** was decided as appellant explain earlier in Argument 3.

Secondly, **Davis** agreed with the court when they denied his motion to suppress and said that the precedent law applies in his situation.

When **Davis** acknowledge this, any claim he brought forth was doomed. (See Exhibit 20).

Appellant never had a pre-trail motion to supress hearing, and the officers never testified to any law that was being followed on the search incident to arrest. Also, appellant never acknowledges any laws to justify a search of the vehicle.

Thirdly, the magistrate stated that the evidence found in Davis car would have been permissible because the officer would have discovered the evidence during an inventory search.

Apellate had called his wife to the scene and the officers told her to stay on the other side of the street. Appellant's wife could have drove the vehicle from the scene so the inventory search doesn't apply in Appellant's situation.

These are the reasons that Davis doesn't apply to Appellant an the good faith law should not be excepted. For the reasons that's stated above, Appellant should be granted relief in light of **Arizona v. Gant**.

The Appellant filed an affidavit with the court and the government never rebutted any of the allegations that listed on the affidavit. (See Exhibit A)

Appellant filed a motion for Summary of Judgement under the rules of Rule 56(e)(2). A judge cannot take two affidavits which swears to opposition things and say, " I find one of the affidavits more credible than the other, and therefore I shall accept it as true". The purpose of inviting affidavits, as in summary of judgement proceeding, is to determine whether there is a dispute over a material issue of fact, Fed R. Civ. P. 56(E).

The government never rebutted appellant's affidavit so the summary of judgement should have been decided in favor of Appellant. <u>Canty v. Richmond, Va., Police Dept.</u>, 383 F. Supp. 1396 (4th Dist 1974). (Because the bus company and bus driver did not file affidavits to rebut the allegations, they failed to show beyond a reasonable doubt that the passenger could prove no set of facts to substantiate his claim).

## Conclusion

For the foregoing reasons, this Honorable Court should grant the Appellant's appeal, so he can have his conviction set-aside, vacated or corrected.

I declare under penalty or perjury the foregoing is true and correct.

Date 3-26-12

*Mario N. Baker*
Mario N. Baker

Mario Baker #34194-183
FCI McDowell
P.O. Box 1009
Welch, Wv 24801

11.

Mario Baker #34194-183
Federal Correctional Institute - McDowell
P.O. Box 1009
Welch, W.V. 24801

⇩34194-183⇩
Clerks Office
701 E. Broad St. Ste.3000
Richmond, VA - 23219
United States